IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR242 |
| v. | |
| MARVELL FIELDS, | ORDER |
| Defendant. | |

This matter is before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 104) purportedly filed on behalf of defendant Marvell Fields ("Fields") by Michael J. Dee ("Dee") pursuant to 28 U.S.C. § 2242. Fields did not verify or sign the Motion, and it is not clear he even knows about it. In explaining the absence of Fields's signature, Dee correctly points out that § 2242 allows for an application for a writ of habeas corpus by a third party on behalf of "the person for whose relief it is intended." But standing to raise such a claim for another is far from automatic. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Before the Court can consider Dee's motion on Fields's behalf, Dee must prove "the propriety of his status" and establish the Court's jurisdiction. *Id.* at 164. To show his standing to sue on Fields's behalf, Dee must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action" and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* at 163. It would also help if Dee had "some significant relationship with" Fields—who remains "the real party in interest." *Id.* at 164.

Here, Dee offers very little to establish his standing to litigate on Fields's behalf. Rather than explain why Fields did not sign the motion and cannot represent himself, Dee

questions, "How can he sign when he doesn't understand what he is signing and conflicts [sic] with what a lawyer and others tell him?" In describing his "relationship" to Fields as required by the § 2255 motion form, Dee states his "relationship to Mr. Fields is that [Dee is] a military veteran defending [Fields's] constitutional right of liberty, freedom from physical restraint by the bounds of prison from domestic enemies, lawyers. (oath of enlistment)[.]" Dee does not say if he and Fields actually know each other or have ever even spoken, much less whether they have ever discussed this motion or having Dee file it on Fields's behalf.

Dee has failed to establish his standing file this motion. Accordingly,

IT IS ORDERED:
1. The pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 104) purportedly filed on behalf of defendant Marvell Fields by Michael J. Dee is denied.
2. The motion will not count as a first 28 U.S.C. § 2255 motion filed by Fields.
3. A separate judgment will issue.
4. The Clerk of the Court shall mail copies of this Order and the Judgment to Fields at the address of record for his current place of incarceration and to Dee at the address listed on the motion.

Dated this 15th day of May 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge